CHURCH, Adm'r, etc., *v.* NORTHERN PAC. R. Co.

(*Circuit Court, D. Minnesota.* June Term, 1887.)

NEGLIGENCE—DEATH AT RAILROAD CROSSING—EVIDENCE TO RENDER RAILROAD LIABLE.

In an action against a railroad company to recover damages for causing the death of plaintiff's intestate, who was picked up on a crossing on a dark night in November, having been struck apparently by defendant's train, which had passed a few minutes before, the principal witness for plaintiff testified to living near the crossing; that, from his house, having retired for the night, he heard a scream as the train passed, and the jumping of the wheels on the rails; that he heard no bell or other signal; that he went down, and found plaintiff's intestate on the track, having received injuries from which he afterwards died, and saw the train disappearing, with cars ahead of and behind the locomotive. There was no flag-man at the crossing. There was evidence that the deceased had been drinking intoxicating liquors. *Held,* that there was not sufficient evidence to justify a verdict for plaintiff; and that, after verdict for defendant, a motion for a new trial should not be granted.

At Law. Action to recover damages for death of the plaintiff's intestate through injuries caused by the defendant's negligence. On motion for new trial.

*C. F. Baxter*, for plaintiff.

*N. O. Clough*, for defendant.

NELSON, J. This case was tried at the last term of this court, a verdict found for the defendant, and a motion for a new trial is made by the plaintiff. The administrator of Soren England brought suit to recover for the death of his intestate. The latter was found lying alongside of the track of the Northern Pacific Railroad Company on the night of November 27, 1885, in the city of Minneapolis, at a crossing on Twenty-first avenue north, and died soon after being removed to the hospital. Bruises and fractures upon his person and blood upon the rails indicated that he had been struck and run over by defendant's train. The night was dark. There were two tracks at this point, and the body was found near the west track. There is no testimony offered of any person who saw the injury inflicted. The accident occurred about 10 o'clock at night. The principal witness, who lived near the track on the north-west corner of Twenty-first avenue north, testified that he was in his room in the second story of his house, and heard the train passing, and says he heard the scream of a man, and the wheels jumping on the rails; and, believing that some one was hurt, got up and arrived within five minutes of the time that this accident happened, and found this man in a position

v.31F.no.9—34

indicating that he had been seriously injured. He testifics he did not hear the ringing of any bell, or any signal given, when the train went past, and when he reached the body of the man he saw the locomotive headed south, with one or two cars ahead of it, and three or four cars behind it. There was evidence also tending to show that the plaintiff's intestate had been drinking intoxicating liquors.

The testimony I think is sufficient to charge the defendant with the death of the plaintiff's intestate, but there is no evidence sufficient to justify a verdict for the plaintiff based upon defendant's negligence. The testimony of the plaintiff's witness is entirely of a negative character, and the facts and circumstances connected with it deprive it of much weight. The witness lived in a brick house within 70 feet of the south side of Twenty-first avenue north. It was in November when the accident occurred, and the doors and windows of his house were closed. The witness was upstairs, and had retired for the night. Trains had been running for more than a year, making this crossing night and day, so that there was nothing unusual to call his attention to this particular locomotive and train until he heard the scream of the deceased, and went to see what was the matter. How can it be said that, under such circumstances, his testimony that he did not hear the bell ring or any other signal was sufficient to establish negligence on the part of the defendant, or to raise the presumption that this accident was due to the negligence of the defendant? The evidence shows that there was no flag-man, but if there had been one, he would have been of no service on that dark night, unless he happened to have been at the point where the deceased was starting on the track. It is incumbent upon the plaintiff to prove negligence on the part of the defendant, and if the train was backing, and no signals or light were displayed at the end of the train, and this caused the death of the plaintiff's intestate, he must show this. No such fact has been proven. It can be as readily inferred that the deceased was intoxicated, and brought the injury and subsequent death upon himself, from the fact that the odor of liquor was apparent in his breath, as to say that the death was proved to have resulted from the negligence of the defendant. It was claimed that some evidence going to the question of damages was excluded by the court, but that becomes unimportant in my view of this case.

The motion for a new trial is denied.